UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TERRENCE ROBINSON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-175-JCH |
| FOUR UNKNOWN AGENTS OF THE FBI, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Terrence Robinson, an inmate at the St. Louis City Justice Center, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $7.44. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $37.21, and an average monthly balance of $17.98. The Court will therefore assess an initial partial filing fee of $7.44, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against "Four Unknown Agents of the FBI," Detective James Thayer, and Agent Jon Lukowski. Plaintiff alternately indicates that the fictitious defendants are FBI agents and U.S. Marshals. He clearly indicates that defendant Thayer is employed by the FBI. He provides no employment information about defendant Lukowski. He states he sues the Four Unknown Agents of the FBI and Detective Thayer in their official and individual capacities. He does not specify the capacity in which he sues Agent Lukowski. He alleges as follows.

On December 1, 2017, plaintiff was at a friend's house when he heard a knock at the door. He saw that the house was surrounded by U.S. Marshals. He opened the door, and surrendered to the U.S. Marshals. Plaintiff writes: "[A]pproximately 4 agents snatched me off the porch, and said officers slammed me into a rose bush with thorns protruding through the bush, therefore placing thorns in my face which were later removed . . . and they broke my ankle by stomping on it." (Docket No. 1 at 3). Plaintiff states that "these agents saw that I was giving myself up and still used unnecessary force to try to subdue me when I was already subdued, and "these same agents broke my ankle and subjected me to cruel and unusual punishment." *Id.* Plaintiff alleges that while he was "being apprehended one of the unknown officers was choking

me." *Id.* Plaintiff states he asked for the agents' names, but was not told. He states his constitutional rights were violated. He seeks $3.5 million in damages.

Review of Missouri Case.net, the State of Missouri's online docketing system, shows that plaintiff is presently a defendant in the matter of *State v. Terrence Robinson,* No. 1722-CR04681-01 (22nd Jud. Cir. 2018), where he is facing charges of First Degree Murder and Armed Criminal Action.

**Discussion**

Plaintiff states he brings this action pursuant to 42 U.S.C. § 1983, but he names as defendants individuals he believes are federal employees. He does not indicate whether he believes Lukowski is a state or federal employee. The Court will therefore liberally construe plaintiff's complaint as brought pursuant to both *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) and 42 U.S.C. § 1983. The distinction makes little difference at this juncture, however, as *Bivens* and § 1983 claims involve the same analysis. *See Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999).

The complaint is subject to dismissal. Plaintiff fails to state a claim for relief against Thayer and Lukowski because he merely lists their names as defendants without alleging they engaged in any specific conduct. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). To the extent plaintiff attempts to

allege that Thayer and/or Lukowski were supervisors and are liable for their subordinates' alleged wrongdoing, such allegations do not state a viable claim for relief. *See Iqbal,* 556 U.S. at 676 (liability under *Bivens* or § 1983 cannot be established solely on a theory of respondeat superior).

Plaintiff also names "Four Unknown Agents of the FBI" as defendants. He first indicates that the fictitious defendants were FBI agents, but elsewhere in the complaint, he appears to indicate they were U.S. Marshals. Generally, fictitious parties may not be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff's allegations against the fictitious defendants are not sufficiently specific to permit them to be identified after reasonable discovery.

Finally, plaintiff's official capacity claims against the federal employees fail. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. Partnership v. Department of Housing and Urban Development*, 235 F.3d 1109, 112 (8th Cir. 2000). As plaintiff has failed to do so, he cannot sue any federal employee in his or her official capacity. To the extent plaintiff can be understood to sue a state law enforcement officer in his or her official capacity, those claims also fail. Such a claim is essentially a claim against the entity that employs the officer, *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989), and municipal departments, such as police departments, are not suable entities under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992).

Because plaintiff is proceeding *pro se*, the Court will allow him to amend his complaint. Plaintiff is warned that the amended complaint will replace the original. *E.g.*, *In re Wireless*

*Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and he must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wants to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth the specific factual allegations supporting his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting his claim or claims against that

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

defendant. Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff must pay an initial partial filing fee of $7.44. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this Memorandum and Order, plaintiff shall file an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 16th day of April, 2018.

/s/ Jean C. Hamilton  
JEAN C. HAMILTON  
UNITED STATES DISTRICT JUDGE